**ROBYN LEE YACHT CHARTERS, INC. and Leonard J. Jacobs, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, AMF Incorporated, Covington Power Products, Inc. and Covington Diesel, Inc., Defendants.**

**Civ. A. No. 83-389-C.**

United States District Court, D. Massachusetts.

May 11, 1984.

Morris M. Goldings, Richard S. Jacobs, Mahoney, Hawkes & Goldings, Boston, Mass., for plaintiffs.

James H. Anderson, Powers & Hall, P.C., Boston, Mass., for Covington Diesel, Inc. and Covington Power Products, Inc.

Jerome M. Leonard, James L. Sigel, Ropes & Gray, Boston, Mass., for General Motors Corp.

Thayer Fremont-Smith, Paul M. Stein, Alan M. Spiro, Choate, Hall & Stewart, Boston, Mass., for AMF Inc.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action begun by a Massachusetts corporation and a resident of Massachusetts against defendants General Motors Corporation (GMC), a Delaware corporation, Covington Power Products, Inc. (Covington Power) and Covington Diesel, Inc. (Covington Diesel), both incorporated under the laws of North Carolina, and AMF Incorporated (AMF), a New Jersey corporation. Plaintiffs seek to recover on theories of breach of express warranty, breach of implied warranty, negligence, and violation of M.G.L. c. 93A (unfair or deceptive acts or practices in the conduct of trade or commerce).

The matter came before the Court on motions to dismiss filed on behalf of Covington Diesel, Covington Power, and AMF.

After hearing, I rule that the motion of Covington Diesel and Covington Power should be allowed because plaintiffs have failed to establish that either of the Covington defendants is subject to the in personam jurisdiction of the Massachusetts courts.

It is clear from the record that these defendants have not transacted business in Massachusetts, nor have they performed any acts which brings them within the reach of the so-called Massachusetts long arm statute, M.G.L. c. 223A. I rule that no basis for this Court's exercise of jurisdiction against these defendants has been established and that their motion to dismiss should be allowed for that reason.

█ The motion to dismiss filed on behalf of defendant AMF seeks a dismissal of the fourth cause of action, M.G.L. c. 93A. I rule that AMF has established that it is exempt from the application of c. 93A because § 3(1)(a) of said statute, at the relevant time, provided that a corporation which derives more than 20% of its revenue in interstate commerce is exempt from the provisions of c. 93A unless the transactions complained of occurred primarily and substantially within the Commonwealth. I find, and rule, that the transactions complained of here did not occur primarily and substantially within the Commonwealth of Massachusetts and therefore AMF is exempt from liability under c. 93A. It follows that the fourth cause of action should be dismissed as to AMF.

AMF alternatively moves that this action be dismissed or transferred to the Eastern District of North Carolina, particularly if this Court allows the motion of any other defendant to dismiss; AMF alleges that it has bona fide claims against co-defendants for indemnity, contribution, and breach of warranty which could be brought in North Carolina.

█ It is obvious that complete relief cannot be granted to either plaintiff or AMF in the absence of any of the original parties to this case; it is equally obvious that, if a lengthy trial were held in this district which culminated in a judgment favorable to plaintiff, such a judgment probably would be vulnerable to an appeal based on lack of jurisdiction and lack of venue in this district, whereas no counsel has suggested that a trial in the Eastern District of North Carolina would be subject to these frailties.

It is clear from the file that this case might have been brought against all parties in the Eastern District of North Carolina. Accordingly, I rule that for the convenience of the parties and witnesses, in the interest of justice, the remainder of this action should be transferred to the Eastern District of North Carolina pursuant to the provisions of 28 U.S.C. § 1404(a).

Order accordingly.